FILED
2019 Aug-08 PM 12:14
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEANETTA PLEASANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **ANDREW SAUL,** | ) | **JURY DEMAND** |
| **as Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.     This is a complaint for legal and equitable relief to redress violations by the defendant of the plaintiff's rights secured by the Americans with Disabilities Act ("ADA"); 42 U.S.C. 12101, et. seq. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 1332, and § 1343. Venue for this action is proper under 28 U.S.C. § 1391.

## PARTIES

2.     Plaintiff, Jeanetta Pleasant, ("Plaintiff") is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

3.     Defendant, Andrew Saul, is the Commissioner of the Social Security Administration ("SSA") and, therefore, is the proper defendant in actions seeking relief under the ADA.

1

**STATEMENT OF FACTS**

4.      Plaintiff has been diagnosed with military service-connected PTSD, severe depression, anxiety, and panic attacks. Plaintiff's disabilities causes short-term memory loss, difficulty concentrating on specific tasks, and social withdrawal.

5.      On September 5, 2017, Plaintiff began working at the SSA as an Attorney Advisor assigned to the Decision Writing unit within the Florence, Alabama Hearing Office.

6.      Plaintiff disclosed her disability on her application as she was hired under the SSA's initiative to employ disabled veterans.

7.      During formal training, the SSA informed Plaintiff of the formal policy that Attorney Advisors do not have to meet requirements under the SSA's D W PI (Decision Writer Production Index) during the first year of employment.

8.      Contrary to the SSA's formal policy, Plaintiff's supervising attorney Chandra Long imposed an 80% production requirement immediately after Plaintiff began working.

9.      As a result, Plaintiff experienced numerous symptoms related to her PTSD including daily chest and stomach pain, as well as severe panic attacks which required her to receive medical treatment on several occasions.

10.     On or about February 22, 2018, Plaintiff met with her supervising attorney Chandra Long. Plaintiff discussed with Ms. Long her understanding that

Attorney Advisors did not have a production requirement during their first year of employment. Additionally, Plaintiff requested an accommodation of additional to complete tasks due to her PTSD, depression, and anxiety. Ms. Long refused to offer Plaintiff an accommodation.

11.    Plaintiff's condition continued to deteriorate due to the lack of accommodations and the enforcement of an 80% production standard.

12.    In July 2018, Plaintiff required in-patient psychiatric treatment due to her worsening symptoms.

13.    On July 27, 2018, the SSA terminated Plaintiff.

<u>**COUNT ONE**</u>
**DISABILITY DISCRIMINATION CLAIM**

14.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 13 as if set forth herein.

15.    Plaintiff's PTSD, depression, and anxiety are disabilities under the ADA because Plaintiff has a record of having physical or mental impairments that substantially limit one or more major life activities; Plaintiff was regarded by the SSA as having mental or physical impairments that substantially limit or limited one or more major life activities; and because Plaintiff has physical or mental impairments that substantially limit or limited one or more major life activities.

16.    Plaintiff was a qualified individual as she could with, or without, reasonable accommodations, perform the essential functions of Attorney Advisor in which she was employed by the SSA.

17.    On July 27, 2018, the SSA terminated Plaintiff due to her PTSD, depression, and anxiety.

18.    Defendant's decision to terminate Plaintiff was, and is, unlawful and in violation of the Americans with Disabilities Act of 1990.

## COUNT TWO
## FAILURE TO ACCOMMODATE CLAIM

19.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 13 as if set forth herein.

20.    Plaintiff's PTSD, depression, and anxiety are disabilities under the ADA because Plaintiff has a record of having physical or mental impairments that substantially limit one or more major life activities; Plaintiff was regarded by the SSA as having mental or physical impairments that substantially limit or limited one or more major life activities; and because Plaintiff has physical or mental impairments that substantially limit or limited one or more major life activities.

21.    Plaintiff was a qualified individual as she could with, or without, reasonable accommodations, perform the essential functions of Attorney Advisor in which she was employed by the SSA.

22.    Plaintiff gave the SSA notice of her disabilities on her application for employment and during face-to-face meetings with her supervising attorney Chandra Long.

23.    On or about February 22, 2018, Plaintiff requested an accommodation that would have enabled her to perform the essential functions of an Attorney Advisor

24.    Subsequent to February 22, 2018, the SSA refused to provide reasonable accommodations for Plaintiff to perform her position as an Attorney Advisor to which she was qualified to perform.

25.    Defendant's refusal to provide reasonable accommodations after February 22, 2018, was and is unlawful and in violation of the Americans with Disabilities Act of 1990.

## **REMEDIES AND DAMAGES REQUESTED**

Wherefore, Plaintiff prays that this Court will grant her relief as follows:

(A)   Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

(B)   Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and

at the Defendant's request, from continuing to violate the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

(C)   Enter an order requiring Defendant to reinstate Plaintiff to employment with Defendant or front pay in lieu thereof.

(D)   Grant Plaintiff an award of back pay and fringe benefits (plus interest) and compensatory damages.

(E)   Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Ashley R. Rhea
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 533-1260
Email: arhea@rhealawllc.com